```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ROCOCO ASSOCIATES, INC.,

                Plaintiff,
                                        ORDER ADOPTING REPORT
        -against-                       AND RECOMMENDATION
                                        06-CV-0975 (JS)(ARL)

AWARD PACKAGING CORP. and
R&E PACKAGING, LLC,

                Defendants.
----------------------------------X
APPEARANCES:
For Plaintiffs:     James P. Rigano, Esq.
                    Candace Reid Gladston, Esq.
                    Certilman Balin Adler & Hyman, LLP
                    1393 Veterans Memorial Highway, Suite 301S
                    Hauppauge, NY 11788

For Defendants:     Debra L. Rothberg, Esq.
                    DL Rothberg & Associates, P.C.
                    331 Madison Avenue, Second Floor
                    New York, NY 10017
```

SEYBERT, District Judge:

The Court is in receipt of Magistrate Judge Arlene R. Lindsay's Report and Recommendation, dated June 6, 2007, with respect to Plaintiff Rococo Associates, Inc.'s ("Plaintiff") request to amend the Complaint to join additional defendants and to assert new factual allegations relating to those defendants ("Report and Recommendation"). Magistrate Judge Lindsay recommended that this Court deny Plaintiff's motion without prejudice because Plaintiff failed to address Rule 16's good cause standard. Presently pending before the Court are Plaintiff's objections to the Report and Recommendation. For the reasons

explained below, the Report and Recommendation is ADOPTED in its entirety and Plaintiff's motion to amend the Complaint is DENIED with leave to renew.

BACKGROUND

The Report and Recommendation sets forth the pertinent facts, and therefore, the Court will not recite them. To the extent the parties require a primer, the Court refers them to the Report and Recommendation.

DISCUSSION

I. Standard Of Review

"When evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of the report to which no objections have been made and which are not facially erroneous." Walker v. Vaughan, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002) (citation omitted). A party may serve and file specific, written objections to a magistrate's report and recommendation within ten days of receiving the recommended disposition. See FED. R. CIV. P. 72(b). Upon receiving any timely objections to the magistrate's recommendation, the district "court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1)(C); see also Fed. R. Civ. P. 72(b). A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they object.

See Barratt v. Joie, No. 96-CV-324, 2002 U.S. Dist. LEXIS 3453, at *2 (S.D.N.Y. March 4, 2002) (citations omitted).

When a party raises an objection to a magistrate judge's report, the Court must conduct a de novo review of any contested sections of the report. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). However, "[w]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Barratt, 2002 U.S. Dist. LEXIS 3453, at *2 (citations omitted).

Plaintiff objects to Magistrate Judge Lindsay's recommendation that the motion to amend be denied with leave to renew pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. Specifically, Plaintiff contends that, although it did not move pursuant to Rule 16(b), it nonetheless demonstrated "good cause" under Rule 16(b).[1] The Court, therefore, will engage in a de novo review of the motion for leave to amend. Under the de novo standard, the Court will make an independent determination of the issues, giving no deference to any previous resolution. See Nomura Sec. Int'l, Inc. v. E*Trade Sec., Inc., 280 F. Supp. 2d 184, 198

---

[1] As Defendants correctly note, Plaintiff failed to raise any objections with respect to its request to add Daniel Russell as a defendant. In light of this Court's adoption of the Report and Recommendation, however, the Court need not address that issue at this time. If Plaintiff still wishes to amend the Complaint to add Daniel Russell as a Defendant, it may raise its arguments in its leave to amend pursuant to Rule 16(b).

3

(S.D.N.Y. 2003). The Court is not limited to consideration of evidence presented to the magistrate judge, but may review the entire record. See Fed. R. Civ. P. 72(b).

II. Leave To Amend

    A. Rule 15

Federal Rule of Civil Procedure 15(a) generally governs the amendment of pleadings. Rule 15(a) provides that

> [a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleadings only by leave of court or by written consent of the adverse party; and leave shall be freely given as justice so requires.

Fed. R. Civ. P. 15(a); see also Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 259 (2d Cir. 2002); Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991). Leave to amend should be denied only because of undue delay, bad faith, futility, or prejudice to the non-moving party, and the decision to grant or deny a motion to amend rests within the sound discretion of the district court. Aetna Cas. and Sur. Co. v. Aniero Concrete Co., Inc., 404 F.3d 566, 603-04 (2d Cir. 2005); Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995).

"A proposed amendment is futile when it fails to state a claim upon which relief can be granted." Health-Chem Corp. v. Baker, 915 F.2d 805, 810 (2d Cir. 1990). A determination of futility is governed by the same standards as a motion to dismiss

4

under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Allen v. WestPoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991). Under Rule 12(b)(6), the court must accept as true all the factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff." Randolph-Rand Corp. of N.Y. v. Tidy Handbags, Inc., No. 96-CV-1829, 2001 WL 1286989, at * 5 (S.D.N.Y. Oct. 24, 2001); Bolt Elec. Inc. v. City of New York, 53 F.3d 465, 469 (2d Cir. 1995). A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Dangler v. N.Y. City Off Track Betting Corp., 193 F.3d 130, 138 (2d Cir. 1999) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999) (quoting Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995)).

    B.   Rule 16

A motion for leave to amend a pleading made after the final date established by a magistrate judge for doing so is also an application to modify the scheduling order. Thus, once a scheduling order has been entered in a case establishing a deadline for the submission of a motion for leave to amend a pleading, the liberal standards of Rule 15 must be considered together with the

5

provisions of Federal Rule of Civil Procedure 16(b).

Rule 16(b) provides that "[a] schedule shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b). Considering Rules 15 and 16 together, the Second Circuit has held that "[d]espite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party had failed to establish good cause." Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000).

Under Rule 16(b), good cause can be established by demonstrating that despite the diligence of the moving party, the deadline for making the motion for leave to amend the pleading could not be reasonably met. See Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d Cir. 2003); Parker, 204 F.3d at 340.

C. Analysis

Plaintiff argues that, on February 2, 2007, it discovered that (1) Defendant Award Packaging Corporation ("Award") had ceased doing business, (2) Award was in the process of dissolving or was already dissolved, (3) Defendant R&E Packaging LLC ("R&E") had previously sold or disposed of Award's equipment, (4) Michael Russell (Award's sole shareholder and president and a member of R&E) had distributed the proceeds from the sale of Award's equipment to himself and Alan Englander (the other member of R&E), and (5) Mr. Russell had no plans to continue in business. (Pl.'s

6

Objections 3.) Further, Plaintiff contends that it did not and could not have known of such facts prior to the court-ordered deadline for motions to amend the pleadings – September 27, 2006 – because such circumstances did not exist at that time. (Id.) Defendants essentially argue that Plaintiff has failed to meet Rule 16(b)'s good cause standard and, at the very least, the parties should be given the opportunity to fully brief the issue as recommended by Magistrate Judge Lindsay. (Defs.' Mem. of Law in Supp. 3.) This Court agrees.

Plaintiff initially sought leave to amend pursuant to Rules 15(a), 19 and 20 of the Federal Rules of Civil Procedure. Although Plaintiff indicated that it recently learned facts during pre-trial discovery rendering amendment appropriate, it did not make any arguments with respect to Rule 16(b)'s good cause standard nor did it cite to any supporting case law. As a result, Defendants were not given the opportunity to properly respond to a motion pursuant to Rule 16(b).

Although the Court acknowledges that Plaintiff brought its motion for leave to amend twelve days after learning the alleged new facts, such diligence is not the only consideration in a motion to amend pursuant to Rule 16(b). The Court must also examine whether Plaintiff had notice of, or was diligent in discovering, the alleged new facts. See Parker, 204 F.3d at 340 (surveying cases in which no "good cause" was found, including

where a party failed to discover necessary information) (citations omitted). Defendants contend that some of the alleged new facts were known to Plaintiff prior to the court-ordered deadline and certain other facts are not accurate. This Court cannot conclude, based upon the facts set forth in Plaintiff's motion for leave to amend pursuant to Rule 15(a) and its objections to the Report and Recommendation, that Plaintiff has satisfied the good cause standard required under Rule 16. Accordingly, Plaintiff's motion for leave to amend is DENIED without prejudice.

## CONCLUSION

Magistrate Judge Lindsay recommended that the Court deny Plaintiff's motion to amend with leave to renew. Having conducted a de novo review of the motion, the Court agrees with Judge Lindsay's conclusion. For the reasons set forth above, the Court hereby ADOPTS Judge Lindsay's Report and Recommendation in its entirety. Accordingly, Plaintiff's motion for leave to amend is DENIED with leave to renew pursuant to Rule 16(b).

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   Central Islip, New York
         July 9, 2007